Hillsborough
No. 7306

STATE OF NEW HAMPSHIRE

v.

ROBERT E. BALLENTINE

February 27, 1976

*Warren B. Rudman,* attorney general, and *Richard B. McNamara,* attorney *(Mr. McNamara* orally), for the State.

*William E. Brennan,* by brief and orally, for the defendant.

GRIMES, J.   The issues in this burglary case are (1) whether it was error to have admitted the entire statement of a codefendant which implicated the defendant in other burglaries to show prior consistent statements when the credibility of the witness had been attacked by showing a prior inconsistent statement contained in the same document on another point and (2) whether for the purpose of supporting the credibility of the same codefendant, it was error to admit the statement of the defendant in which he implicated himself in other burglaries but not the one for which he was being tried. Defendant was put on trial for burglary of the Caskie residence. The jury found him guilty and his exceptions were transferred by *Perkins,* J.

One Franklin Hoyt who had pleaded guilty and been sentenced for the same burglary was called as a witness for the State and implicated the defendant. He testified that Ballentine carried out a large box and that he dropped it. On cross-examination, Hoyt was asked about and admitted engaging in several burglaries in the

area and taking the loot to a place called Dixie's to sell it. No reference was made to the defendant being engaged in any of the other burglaries. Defendant's counsel started to inquire about the description of other houses Hoyt had burglarized but stopped after the court warned him that it would open a "Pandora's box" and permit the prosecution to go into the out-of-court statement of the witness which defense was using in cross-examination. Defense counsel then questioned Hoyt about a part of an out-of-court signed statement in which he had stated that he (Hoyt) had carried the large box out of the Caskie house. The witness then stated that that part of the statement was false, but that the part implicating Ballentine was true. On redirect examination, the State offered and the court admitted the entire out-of-court statement of Hoyt over defendant's exceptions on the question of Hoyt's credibility. The document contained statements implicating the defendant in a series of burglaries with Hoyt and his brother.

The State through a State police employee introduced evidence that Franklin Hoyt had given the statement above referred to which aided the police in clearing up several burglaries involving Ballentine. After the defendant testified, the State through a police officer offered the statement of the defendant in which he implicated himself in other burglaries with Hoyt but not the one at the Caskie house. The statement was admitted after a hearing following which the court found it to have been voluntary and that all Miranda warnings had been given.

That part of the Hoyt out-of-court statement which implicated the defendant in other crimes was not properly admitted as a prior consistent statement since no evidence of such participation had then been received. *Lynch v. Sprague,* 95 N.H. 485, 66 A.2d 697 (1949); *Wilson v. Bank,* 95 N.H. 113, 58 A.2d 745 (1948); *State v. Slocinski,* 89 N.H. 262, 197 A. 560 (1938).

The error, however, was not prejudicial to the defendant for substantially the same evidence was later properly admitted. The evidence of defendant's admission of having been engaged in other burglaries with Hoyt had been admitted as bearing on credibility but was also competent to show a scheme, plan or design to burglarize houses in New Hampshire and take the loot to Dixie's to sell it. *State v. Palumbo,* 113 N.H. 329, 306 A.2d 793 (1973); *State v. Freije,* 109 N.H. 290, 249 A.2d 683 (1969); *State v. Garceau,* 108 N.H. 209, 231 A.2d 625 (1967). Since the statement of the defendant was admitted only on the issue of credibility, the ruling of the court was more favorable to the defendant than he was entitled to

have. Thus the admission of the Hoyt statement ceased to be prejudicial.

*Exceptions overruled.*

LAMPRON & GRIFFITH, JJ., did not sit; the others concurred.