Merrimack
No. 7546

THE STATE OF NEW HAMPSHIRE

v.

WILLIAM BARKER

June 27, 1977

*David H. Souter,* attorney general, and *Edward N. Damon,* assistant attorney general (*Mr. Damon* orally), for the state.

*Leonard J. Merski,* of Concord, by brief and orally, for the defendant.

DOUGLAS, J. We are asked herein to decide whether testimony as to defendant's prior drug-related offenses was improperly admitted into evidence at his trial for possession of marijuana. For the reasons which follow below, we hold that no abuse of discretion occurred through the trial court's admission of this testimony.

Defendant William Barker was tried by jury on April 14, 1976, on the charge of possession of a controlled drug, *i.e.,* marijuana, in excess of one pound. A verdict of guilty was rendered. During the course of the trial, the defendant took exception to rulings of the trial court admitting certain evidence. All questions of law raised thereby were reserved and transferred by *Keller,* C.J.

Testimony was offered at defendant's trial that during surveillance of his house by state police narcotics officers on July 10, 1974, the defendant was observed to emerge from his house and walk to a vehicle parked in the yard. He was seen to strap on a revolver and to pick up several red-colored packages, each the size of a shoe box. Accompanied by another person, the defendant carried the packages across the street and entered the surrounding woods. The two returned after a few minutes, at which time the defendant was not carrying the packages. Three hours later police officers found several plastic bags of marijuana wrapped in red-colored material near the path on which the defendant and his companion had been seen walking. The marijuana weighed more than one pound. Before the defendant went into the woods, the

police had searched the area where the marijuana was subsequently discovered, but had found nothing. In the interim, the defendant and his companion were the only persons observed on the path.

The defendant took the stand and denied the charge. He testified that he often went into the woods in question in pursuit of his hobby, mycology. He stated that he was acquainted with various drug sellers who transacted business from his house and hid their drugs in the woods across the street. He further testified that he "quite frequently" walked in the woods with persons who were hiding drugs in that vicinity.

The defendant objects to testimony by Trooper Jay DeWolfe of the New Hampshire State Police concerning three incidents occurring prior to the offense with which the defendant is charged. DeWolfe stated that on April 18, 1974, he went to the defendant's house with one Meurle Parenteau to purchase drugs. He gave ten dollars to Parenteau who went with the defendant across the street and into the same woods in which the drugs in this case were found. The defendant and Parenteau returned shortly, and Parenteau gave DeWolfe a very small white pill.

The second incident to which DeWolfe testified occurred on April 26, 1974, when he gave twenty dollars to one Ronald Ballam to purchase "two spoons of speed" from the defendant at his home. Again the two crossed the street and went into the woods. Upon their return Ballam handed DeWolfe two tinfoil packets.

Finally, DeWolfe testified that he returned to the defendant's house in late July or early August of 1974 with one Randy Keith. Again the defendant went with Keith into the woods across the street for a short time. Keith then gave DeWolfe a bag containing some vegetative matter.

The defendant objected to the admission of DeWolfe's testimony as being irrelevant and highly prejudicial. The trial court, however, admitted it for the limited purposes of showing a plan or method of operation by the defendant, his knowledge, and the identity of the person alleged to have been carrying the packages of marijuana into the woods. The court twice cautioned the jury, both at the time the evidence was introduced and again during his instructions at the close of the trial, that DeWolfe's testimony was to be considered only for the above-stated purposes, and not to prove that the defendant was guilty of the crime charged, or that he is the type of person likely to commit that sort of crime.

■ It is well settled that evidence of prior offenses, while inadmissible to show defendant's bad character, disposition or propensity to commit the crime for which he is indicted, *see State v. Cote*, 108 N.H. 290, 235 A.2d 111 (1967); *State v. Rumney*, 109 N.H. 544, 258 A.2d 349 (1969), is admissible for the limited purposes specified by the trial judge herein. *State v. Ballentine*, 116 N.H. 120, 352 A.2d 403 (1976); *State v. Palumbo*, 113 N.H. 329, 306 A.2d 793 (1973); *State v. Garceau*, 108 N.H. 209, 231 A.2d 625 (1967); *see* C. McCormick, Evidence § 190 (2d ed. 1972); 1 F. Wharton, Criminal Evidence § 240 (13th ed. 1972).

■ The admission of evidence of prior transactions and offenses for the above-mentioned purposes is a matter resting within the sound discretion of the trial court. The judge must determine that the evidence is relevant for a purpose other than showing the character or disposition of the defendant, that the proof that the acts in question were committed by the defendant is clear, and that the probative value of the evidence outweighs the danger of prejudice to the defendant. If the evidence is admitted, it should, as here, be accompanied by specific instructions limiting the jury's consideration to the narrow purposes for which it is admitted.

■ In the instant case, the disputed testimony indicated that on several occasions near in time to the offense with which he was charged the defendant kept controlled drugs in the woods, and was therefore relevant for the purposes for which it was admitted. Upon examination of the record, we conclude that the trial court did not abuse its discretion herein.

*Exception overruled.*

All concurred.