**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Syroos MORTAZAVI,
Defendant-Appellant.**

**No. 82–1400
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 29, 1983.

Rehearing Denied April 28, 1983.

Mayo J. Galindo, San Antonio, Tex., for defendant-appellant.

Sidney Powell, Steven Hilbig, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant Syroos Mortazavi was convicted of conspiracy to possess methamphetamine with intent to distribute it, 21 U.S.C. § 841(a)(1), § 846, and distribution of methamphetamine to James Chris Miller, 21 U.S.C. § 841(a)(1). He was acquitted of a third count charging the use of a communication device to facilitate the commission of a felony, 21 U.S.C. § 843(b). Mortazavi was tried before the court upon waiver of a jury. His timely appeal raises two issues. The first is the general claim of a lack of sufficient evidence to support the adjudications of guilt, and the second is a claim of error in the admission in evidence of an earlier instance in which appellant offered to supply a controlled substance to an undercover agent.

## I.

The more serious issue in this case was the admission in evidence of an extrinsic offense of negotiating to sell a large quantity of marihuana to undercover agent Castro of the Drug Enforcement Administration. This earlier episode took place nine years before the events which serve as the basis of the convictions here challenged.

Evidence of an extrinsic offense is admissible if the evidence is relevant to an issue other than the defendant's character,

and the probative value of the evidence is not outweighed by its prejudicial effect. Fed.R.Evid. Rules 403, 404(b); *United States v. Beechum,* 582 F.2d 898, 911 (5th Cir.1978) (en banc), *cert. denied,* 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979). The testimony by agent Castro effectively identified Mortazavi as the person who had been involved in the earlier approach to him to sell drugs. The identification was confirmed by the fact that the agent successfully identified the car which Mortazavi owned at that time and which was registered at his correct address. Mortazavi admitted the ownership and the address.

█ The prior episode was admitted into evidence as a matter of impeachment of testimony adduced on cross-examination. It was rebuttal evidence introduced by the prosecution after Mortazavi had not only totally denied his guilt in the current episodes but denied that he had ever offered to deliver any controlled substance to anyone and that, in fact, he had ever previously been involved with drugs at all. Since his direct testimony in his defense in this case, however, was the lack of any intent to deal in drugs, the evidence concerning the earlier episode was precisely on point by way of proving his intent. Fed.R.Evid. 404(b). Under these circumstances, it is not necessary to evaluate its admissibility had it been adduced solely for purposes of impeachment. To admit this evidence, since it was not based upon a conviction, the proof must be sufficient for a jury reasonably to find that the offense occurred. The proof, however, need not show the commission of an offense beyond a reasonable doubt. *United States v. Beechum, supra,* 582 F.2d at 913. If a jury wished to believe agent Castro, there would be not the slightest doubt but that the earlier offense had occurred. It follows that the district judge properly found that adequate proof had been offered demonstrating that the defendant had committed the earlier offense.

Under the requirement that the probative value of the evidence of such an extrinsic offense must outweigh its prejudicial effect, the district court makes a balancing determination in its sound discretion. While in this case there was a period of some nine years between the extrinsic offense and the offense charged, the intent required to commit both offenses was identical. The evidence was solidly relevant. Whatever prejudice there was arose from this firm relevance. We conclude that admission into evidence of the prior extrinsic offense was proper. *United States v. Opager,* 589 F.2d 799, 802 (5th Cir.1979).

Finally, we add that even if the admission of the evidence were error, and we find no error, the error was clearly harmless in the light of the overwhelming evidence of guilt which is discussed immediately below. Fed.R.Crim.P. Rule 52(a).

## II.

█ In attacking his convictions on the ground of a lack of sufficient evidence, Mortazavi must carry the burden of taking the view of the evidence most favorable to the government. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). Critical to this case is the additional requirement that this Court must accept all credibility choices that tend to support the verdict. *United States v. Vergara,* 687 F.2d 57, 60 (5th Cir.1982). This latter principle is fully controlling in this case.

There is no need to recite the evidence in detail. Mortazavi's coconspirator, Miller, testified specifically that Mortazavi supplied him with methamphetamine and made a conspiratorial agreement with him to produce methamphetamines. After Miller had been arrested, he agreed to cooperate with the DEA agents. He then conspired with Mortazavi to set up the specific situation in which Mortazavi received the sum of $3200 from DEA undercover agent Shoquist as payment for drugs which Mortazavi was to supply. The fact that Mortazavi had some difficulty obtaining the drugs, that he offered heroin as a substitute, and that no drugs actually changed hands in this deal, does not in any way lessen defendant's guilt. His guilt was established in the original transaction and evidence of the conspiracy was strengthened by the later episode.

The judge, acting as a jury, had the right to believe witness Miller and the government agents, Shoquist and Garner. If those witnesses were believed, the evidence of Mortazavi's guilt was overwhelming. The government proved the defendant intentionally and knowingly distributed the controlled substance. *See United States v. Dovalina,* 525 F.2d 952, 957 (5th Cir.1976).

We find that no error was committed in the trial of the accused for conspiracy to possess methamphetamine with intent to distribute and distribution of methamphetamine. The judgment of the district court is

AFFIRMED.