Merrimack
No. 82-201

### THE STATE OF NEW HAMPSHIRE

v.

### PAUL FERNALD

June 17, 1983

*Gregory H. Smith*, attorney general (*John A. Malmberg*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

DOUGLAS, J. The defendant was convicted in Superior Court (*Souter*, J.) of kidnapping, RSA 633:1, I(c), robbery, RSA 636:1, and felonious use of a firearm, RSA 650-A:1 (Supp. 1981). The only issue raised on appeal is whether the trial judge improperly admitted certain testimonial and physical evidence. We affirm.

Shortly after midnight on December 12, 1981, the defendant, Paul Fernald, accompanied James Chase to the home of Robert Leighton in Franklin to ask if they could spend the night. Leighton, a longtime friend of Chase, had left for work earlier that evening. Chase had often stayed there previously; on one such occasion two weeks earlier, however, Leighton had asked Chase to leave his home.

When Chase and the defendant arrived at the Leighton home, Leighton's son Michael, Michael's wife Kathryn, their infant daughter, and Allan Kennett, a neighborhood youth who stayed at the Leighton home on weekends, were the only persons in the house. Chase and the defendant were permitted to stay at the house after promising to leave before Robert Leighton returned home from work early in the morning.

During the night, Chase and the defendant succeeded in tying up and gagging Michael Leighton and Kennett in the basement of the house. Chase and the defendant then went upstairs and led Kathryn, who was carrying the baby, at gunpoint downstairs into the basement and tied her up. During this incident, the defendant pointed a handgun at the baby. In addition to the weapons already in their possession, Chase and the defendant brought a rifle and a shotgun which belonged to the Leightons into the basement with them. The rifle and the shotgun were handled during the night but were never aimed at anyone. At one point during the night, ten dollars was taken from Michael Leighton's wallet.

At approximately 6:00 a.m., Chase and the defendant took the guns upstairs and returned them to their storage places. The Leightons and Kennett were then untied and allowed to return upstairs. When Robert Leighton returned home from work, he found the victims and Chase and the defendant sitting quietly in the living room. No one mentioned to him the incidents that had

occurred in the preceding early morning hours, and everyone, including Chase and the defendant, went to sleep. Upon awakening early in the afternoon, Michael Leighton agreed to drive Chase and the defendant to a friend's house. Later that day, Kathryn and Robert Leighton reported the previous night's occurrences to the police.

The defendant was indicted for kidnapping, robbery, and felonious use of a firearm and was found guilty of all three offenses. He was given a State prison sentence of three-and-one-half to seven years on the kidnapping offense and a consecutive sentence of three to six years for the felonious use of a firearm. In addition, the defendant was sentenced to six months in the house of correction, consecutive to the other sentences, for the robbery.

The defendant appeals a number of the trial court's evidentiary rulings. The first ruling challenged by the defendant is the court's admission of Kathryn Leighton's testimony that he had pointed a gun at the baby. The defendant argues that the trial judge abused his discretion in admitting this testimony, because the prejudicial effect of the testimony outweighed its probative value. He claims that because the kidnapping indictment alleged only that he had confined Michael and Kathryn Leighton and Allan Kennett "with a purpose to terrorize them," see RSA 633:1, I(c), and did not allege that he had confined the baby with the purpose of terrorizing the infant, the evidence was highly prejudicial. The State responds that testimony that the defendant had pointed a gun at the baby daughter in the presence and during the kidnapping of the mother was highly probative of the defendant's purpose to terrorize the mother. We agree.

The determination of whether the possible prejudice resulting from the admission of evidence outweighs its probative value rests within the broad discretion of the trial judge. *State v. Baker*, 120 N.H. 773, 775, 424 A.2d 171, 172–73 (1980); *see State v. Barker*, 117 N.H. 543, 546, 374 A.2d 1179, 1180 (1977). In this case, after listening to arguments from defense counsel that the testimony of Kathryn Leighton on this matter would be more prejudicial than probative, the trial judge stated that he found the evidence to be probative on the issue of the defendant's purpose to terrorize the individuals named in the indictment. Implicit in this statement was his conclusion that the prejudicial effect of the evidence was not greater than its probative worth.

Furthermore, the trial judge gave the jury a limiting instruction, confining its consideration of the challenged testimony specifically to the issue of the defendant's purpose to terrorize the

persons named in the kidnapping indictment. *See State v. Barker*, 117 N.H. at 546, 374 A.2d at 1180. We find no abuse of discretion in the trial judge's admission of the testimony. *Cf. State v. Glidden*, 123 N.H. 126, 132, 459 A.2d 1136, 1140 (1983) (testimony that defendant, who was charged as accomplice to first degree murder, fired or attempted to fire gun at victim was relevant to defendant's presence at murder scene and of his intent).

The defendant also argues that the trial court committed reversible error when it admitted as exhibits the rifle and the shotgun which he took into the basement, but never pointed at anyone. He bases his argument on the fact that the only weapon specifically identified in the kidnapping indictment was a handgun, not a rifle or a shotgun. While the defendant did not object to testimony concerning the use of the shotgun and the rifle during the night of the offenses, he did object and except to the admission of the rifle and the shotgun as exhibits.

On appeal, the defendant claims that the prejudicial effect of admitting these weapons as physical evidence substantially outweighed their probative value. Our review of the record indicates that the defendant's objection to the admission of the rifle and the shotgun as exhibits was on the ground that they were irrelevant and immaterial to the offenses charged. The trial judge ruled that the evidence was relevant, and not on whether the prejudicial effect of the weapons outweighed their probative value. Thus, the issue of whether the prejudicial effect of admitting the rifle and the shotgun was greater than their probative value as evidence is not properly before us. *See State v. Marcotte*, 123 N.H. 245, 247, 459 A.2d 278, 279 (1983); *State v. Cass*, 121 N.H. 81, 83, 427 A.2d 1, 2–3 (1981).

*Affirmed.*

All concurred.