522

Hillsborough
No. 83-149

## THE STATE OF NEW HAMPSHIRE

v.

## MICHAEL SMITH

October 4, 1984

*Gregory H. Smith*, attorney general (*Andrew L. Isaac*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, J. Michael Smith, the defendant, appeals his conviction for selling marijuana, on March 11, 1982, in violation of RSA 318-B:2 (Supp. 1981). He claims that the Trial Court (*Goode*, J.) erred in admitting into evidence testimony concerning other alleged, but unindicted, sales of controlled drugs by the defendant. For the reasons that follow, we reverse and remand for a new trial.

In advance of trial, the defendant filed a "motion to limit testimony." Defense counsel stated in the motion that the State's chief witness, Timothy Nutter, had referred in his deposition to events other than those alleged to have occurred on March 11, 1982. In particular, Nutter had referred to 20 to 40 contacts with the defendant for purposes of picking up drugs; had stated that he usually contacted the defendant to purchase marijuana on a weekly basis; and stated that he had purchased an ounce of marijuana from the defendant on March 4, 1982. The defendant's attorney argued that this proffered testimony was immaterial and irrelevant with respect to the single indicted offense of March 11, 1982 and would only inflame and prejudice the jury against the defendant. Specifically, the defendant's counsel requested that the State be directed to instruct its witness to limit his testimony to the events of March 11.

At the hearing on this motion, the trial court indicated that, in the absence of any testimony from the defendant that placed any of the State's evidence in dispute, testimony introduced by the State would be limited to the events of March 11, except that evidence regarding the alleged sale on March 4 would be allowed in order to explain how Mr. Nutter first became involved as the State's witness.

The court ruled further that if the defendant introduced evidence which placed the State's evidence in dispute, then the State would be permitted on rebuttal to show that the State's witness was not mistaken because, for example, he had had previous contacts with the defendant. The defendant's exceptions to these rulings were noted.

At trial, Nutter testified that on March 5, 1982, the Peterborough police searched his apartment, pursuant to a warrant, and arrested him for possession of marijuana. Nutter testified that he was given no specific promises regarding the disposition of the charge against him, but was told that "they'd go easier on me if I'd disclose some information to them." Subsequently he advised the police that a friend had told him that marijuana was available on March 4. He then described in somewhat vague terms how he had received the marijuana and stated that he thought it had come from "Smitty." He

described Smitty and told the police that Smitty worked in the grinding area at New Hampshire Ball Bearing in Peterborough.

Nutter then agreed to make a controlled purchase from Smitty and turn the contraband over to the police. This purchase occurred on March 11, and is the basis for the present indictment. Nutter testified at trial that he was approached by Smitty and asked if he wanted any pot that week. Nutter replied affirmatively, and Smitty said the marijuana would be in the usual place. Later that day, Nutter went to an old iron bridge across from New Hampshire Ball Bearing and retrieved an ounce of marijuana from a spot under the bridge where the pillars meet the cement. He then gave Smitty forty dollars in an envelope. Following this testimony, Nutter identified "Smitty" as the defendant, Michael Smith.

The defendant testified on direct examination that he never made arrangements with Nutter to sell him marijuana on either March 4 or March 11. In response to questions of his attorney on direct examination, the defendant further testified:

"Counsel:    Did you ever leave any grass, marijuana, or any contraband, drug, under this bridge?

Defendant: No.

. . .

Counsel:    Did you ever deliver drugs to Timothy Nutter from your car?

Defendant: No.

. . .

Counsel:    Did you sell indirectly to Timothy Nutter?

Defendant: No."

Under cross-examination, the defendant again denied ever selling contraband to Nutter.

The State in rebuttal then called Nutter, who testified that he had purchased marijuana from the defendant on 20 to 30 occasions and that the usual method of delivery was through a friend. On ten occasions the marijuana was delivered to the same spot at the bridge. Defense counsel timely objected to this testimony on the basis of relevancy and materiality. The court stated:

"I think among the issues here is the certainty of the defendant's identity. The door has been opened, and I'm going to permit the State to conduct this examination, the issue having been brought to the jury's attention so your objection is overruled; your exception is noted."

Under cross-examination, Nutter admitted that his purchases never involved any personal contact with the defendant, but that he

knew the seller was Smith based on what others had told him and because "when you walked by and Mr. Smith, you know, would nod or smile, give you an indication."

The State argues that evidence of prior unindicted drug sales was properly admitted to establish Nutter's ability to identify the defendant and to impeach the defendant's credibility. We disagree.

In *State v. Barker*, 117 N.H. 543, 374 A.2d 1179 (1977), we made it clear that in resolving the issue of admissibility:

> "*The judge must determine* that the evidence is relevant for a purpose other than showing the character or disposition of the defendant, *that the proof that the acts in question were committed by the defendant is clear*, and that the probative value of the evidence outweighs the danger of prejudice to the defendant."

*Id.* at 546, 374 A.2d at 1180 (emphasis added).

Evidence of prior acts offered to show that no mistake has been made regarding the identity of the defendant as the perpetrator of the charged crime is only relevant if the prior acts were acts of the defendant. *See United States v. Beechum*, 582 F.2d 898, 912–13 (5th Cir. 1978), *cert. denied*, 440 U.S. 920 (1979); *cf.* Proposed N.H.R. Evid. 404(b). The ultimate question is whether the defendant was the source of the marijuana purchased on March 11, 1982.

In the present case, the testimony regarding 20 to 30 prior drug purchases did not clearly show that the defendant had been the supplier. In fact, the testimony revealed that Nutter's identification of the defendant as the supplier in the prior transactions was founded on hearsay. Therefore, because the proof that the prior acts in question were committed by the defendant was inadmissible for reasons unrelated to irrelevance or prejudice, the trial court should have excluded that evidence as irrelevant. *See State v. Leuthner*, 124 N.H. 638, 474 A.2d 1029 (1984).

We also reject the State's argument that the evidence of prior unindicted drug sales was properly admitted to impeach the defendant's credibility. The trial court did not admit the rebuttal testimony for purposes of impeaching the defendant's credibility, but instructed the jury, directly after the rebuttal testimony, that

> "the consideration you give this evidence is only for purposes of showing a proof of motive or opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident but should not be considered by you as proof

that the defendant committed the crime here under consideration . . . ."

In his charge to the jury at the close of the evidence, the trial court again instructed the jury that:

"The State has presented evidence of prior acts of the defendant, alleged offenses. This evidence was admitted, Members of the Jury, to show intent, motive, malice or identity and should not be considered by you in determining whether the defendant committed the acts alleged in the indictment."

Because the evidence was not admitted as bearing on the defendant's credibility, we need not address here whether a party is bound by a witness' answer and is prevented from proving prior illegal acts by extrinsic evidence in order to impeach credibility. *Compare State v. Hersom*, 84 N.H. 433, 152 A. 276 (1930) (questioner is bound by the witness' answers regarding alleged prior illegal acts, and the trial court has no discretion to admit extrinsic evidence of such acts to impeach credibility) *with State v. Donovan*, 120 N.H. 603, 419 A.2d 1102 (1980) (decision to admit evidence on rebuttal concerning alleged prior illegal acts, for the purpose of impeaching the defendant's credibility, is within the discretion of the trial court); *see also* Proposed N.H.R. EVID. 608(b).

██ The defendant did not object to the instructions which the trial court gave, as outlined earlier in this opinion, regarding the purposes for which the rebuttal testimony could be considered. As guidance to the trial court in the future, however, we state that it is improper to instruct the jury as to *all* possible proper purposes for which evidence of prior acts *may* be admitted, if these purposes are inapplicable to the facts of the case. Even if the alleged prior illegal acts had been sufficiently shown to be acts of the defendant and their probative value had outweighed any prejudicial effect on the defendant in this case, these acts were not relevant for *every* purpose which the court had outlined to the jury; i.e., proof of motive or opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The trial court, when giving *limiting* instructions, must take care that the instructions do indeed strive to limit the jury's consideration to the *narrow* purpose or purposes for which the evidence is being admitted. *See State v. Barker*, 117 N.H. at 546, 374 A.2d at 1180.

██ Finally, the defendant has objected to the exclusion, as an exhibit, of a writing by Nutter which tended to exculpate the defendant. The statement contained in the writing was read to the

jury by Nutter and was the subject of testimony by Nutter, the defendant, and the attorney who was present when Nutter wrote the statement. Nutter acknowledged the statement as his own, and after a review of the record, we find no error in the exclusion of the document itself. *See Rau v. Stores*, 97 N.H. 490, 494, 92 A.2d 921, 924 (1952); *Marchand v. Company*, 95 N.H. 422, 423, 65 A.2d 468, 470 (1949).

*Reversed and remanded.*

All concurred.