### The State of New Hampshire

v.

### Norman Whitney

October 26, 1984

*Gregory H. Smith*, attorney general (*Edna M. Conway*, attorney, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

BATCHELDER, J.   The defendant, Norman Whitney, appeals his convictions on two counts of witness tampering. RSA 641:5, II. The issues presented for review are whether the Trial Judge (*Contas*, J.): (1) properly admitted evidence of the defendant's prior convictions, and (2) abused his discretion in denying defendant's motion to sever the two charges for trial.

In October, 1980, Priscilla Bohannon Chaffee gave a statement to the Cheshire County sheriff's department implicating the defendant in a theft of plywood in West Swanzey. In January, 1981, Paul "Renny" Davis implicated the defendant in a burglary occurring at the Central Screw Company in Keene. In the spring of 1981, the defendant pleaded guilty to eleven separate charges, including the theft and the burglary of which Chaffee and Davis had provided the sheriff's office with evidence. The defendant was sentenced to the State prison.

Following his release from prison, the defendant committed the acts giving rise to the witness tampering charges. On April 13, 1983, he pursued Chaffee's car in Keene, overtook her, and forced her off the road. He then beat on Chaffee's car and shouted threatening remarks, in Chaffee's words, "You rat, you are going to pay, you have had it . . . I am going to get even . . . ." Chaffee testified to being frightened, but escaped without physical harm.

On May 7, 1983, in Keene, the defendant and Davis engaged in a fight. Davis was hit about the head and kicked. Davis testified that the defendant was the aggressor and that the defendant's attack was in retaliation for Davis' "ratting" to the police about the Central Screw Company burglary.

Prior to trial, the court denied defendant's motion to sever the trials on the two charges and ruled that evidence of all eleven 1981 convictions was admissible in the State's case-in-chief and for impeachment.

Defendant was convicted on both charges of witness tampering and sentenced. This appeal followed. We affirm.

I. *Admissibility of the Prior Convictions*

The State and the defendant agree that evidence of the crimes to which Chaffee and Davis would have testified was admissible as part of the State's case to show a motive for the witness tampering. The dispute concerns the admissibility of the other guilty pleas entered concurrently with the pleas on those two charges. Defendant argues that the court's failure to find specific grounds upon which the 1981 convictions were admitted is reversible error. We disagree.

Evidence of a defendant's prior convictions is not admissible in the prosecution's case-in-chief to prove the character of the accused or his disposition to commit the crime in question. *State v. Barker*, 117 N.H. 543, 546, 374 A.2d 1179, 1180 (1977). Prior convictions may, however, be offered to prove an element of a crime or a system of criminal activity, or to show identity, malice or motive. *State v. Cote*, 108 N.H. 290, 294–95, 235 A.2d 111, 114 (1967), *cert. denied*, 390 U.S. 1025 (1968). Admissibility of prior convictions in the prosecution's case-in-chief:

> "is a matter resting within the sound discretion of the trial court. The judge must determine that the evidence is relevant for a purpose other than showing the character or disposition of the defendant, that the proof that the acts in question were committed by the defendant is clear, and that the probative value of the evidence outweighs the danger of prejudice to the defendant."

*State v. Barker*, 117 N.H. at 546, 374 A.2d at 1180. The defendant bears the burden of requesting a hearing on the record and developing a record from which an abuse of discretion may be predicated. *State v. Staples*, 120 N.H. 278, 284, 415 A.2d 320, 323–24 (1980).

The State provided the defendant with a notice of intent to use his criminal record "at the case-in-chief and also for impeachment." *See* SUPER. CT. R. 68 (requiring a party to furnish a copy of a criminal record of a party or witness and obtain a ruling of the court before impeaching with that criminal record). Defendant objected on the ground "that the use of the defendant's criminal record in the case-in-chief would be unduly prejudicial to the defendant's defense of his case." The court ruled: "After hearing without a record, the court finds that the probative value outweighs the prejudicial value. The [State's] motion is granted. Defendant's exception noted." At trial, evidence of all eleven 1981 convictions was introduced during the State's case-in-chief.

The trial court determined that the eleven convictions were relevant to the State's case-in-chief. This record warrants the court's

finding that the defendant's actions were motivated by a desire for retaliation against Chaffee and Davis. Their testimony could have been found strong enough to have constituted critical evidence giving rise to the State's and the defendant's bargaining positions in plea negotiations. The trial court addressed the defendant's only apparent objection to the evidence: namely, probative value versus prejudicial effect. The defendant has failed to show that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case, and therefore has failed to show an abuse of discretion warranting reversal. *State v. Comparone*, 110 N.H. 398, 399, 269 A.2d 131, 132 (1970).

II. *Denial of Defendant's Motion to Sever Trials*

Defendant's second ground for appeal is that the trial judge abused his discretion in denying defendant's motion to sever the trials on the two witness tampering charges. We hold that the judge properly exercised his discretion.

■■ The decision to join or to sever cases for trial is within the discretion of the trial court. *State v. Lainey*, 117 N.H. 592, 595, 375 A.2d 1162, 1164 (1977). The trial court's ruling will be upheld unless it is shown that the defendant's right to a fair trial was jeopardized. *State v. Freije*, 109 N.H. 290, 291, 249 A.2d 683, 684 (1969).

In *State v. Freije*, 109 N.H. at 291, 249 A.2d at 684, we stated:

> "The desirability of consolidation is apparent when the crimes charged are related or apparently part of a common scheme or plan. See Fed. R. Crim. P. 8(a). The defendant in such cases cannot claim prejudice, since evidence of the other charges would have been admissible in the trial of any one."

(citing *State v. Garceau*, 108 N.H. 209). *See also* TORCIA, WHARTON'S CRIMINAL PROCEDURE § 302 (12th ed. 1975 and Supp. 1983).

■ The facts of this case would support a finding that defendant's tampering with these witnesses was in retaliation for these witnesses' 1980 and 1981 testimony. That testimony in turn can be found to have led to guilty pleas to all eleven charges in 1981. Each instance of witness tampering, then, could have been prompted by a common motive and plan to retaliate for such testimony. Each charge of witness tampering would be proven by common evidence of the 1981 convictions and the testimony given by the other witness which produced the 1981 guilty pleas. On this record, we find no abuse of discretion or prejudice in the court's denial of severance.

*Affirmed.*

All concurred.