Cheshire
No. 84-561

THE STATE OF NEW HAMPSHIRE

v.

STEVEN A. HOOD

December 5, 1985

*Steven E. Merrill,* attorney general (*Tina Schneider,* attorney, on the brief), by brief for the State.

*Joanne S. Green,* assistant appellate defender, of Concord, by brief for the defendant.

KING, C.J. The defendant, Steven Hood, was convicted under three indictments for sale of a controlled drug in violation of RSA 318-B:2 and sentenced to two to four years in the State prison. On appeal, he claims that the Trial Court (*Gray,* J.) erred in admitting evidence of other crimes and in denying his motion for a continuance. We affirm.

On February 21, 1984, State Trooper John Looney went to the defendant's trailer with Marcus Luce, a friend of the defendant, who introduced Looney to Hood. Trooper Looney, who was working undercover, asked Hood if he had any marijuana to sell. Hood indicated that he probably could get some. Two days later, Luce and Looney returned, and Looney purchased marijuana from the defendant for $75. Trooper Looney visited the defendant on four subsequent occasions: no drugs were sold on March 3 and 5, 1984; on March 8 and 15, 1984, Looney purchased marijuana from the defendant for $90 and $50, respectively. Luce was present when the three drug sales took place. Each sale involved less than one ounce of marijuana.

At trial, Trooper Looney testified that during a conversation on March 5, Hood stated that he had sold 30 to 35 pounds of marijuana per week in the past. Defense counsel objected on the basis of relevancy. The prosecutor responded that the remark "goes to the defendant's mental state in terms of his knowing state of mind." The

judge overruled the objection and admitted the testimony without giving a limiting instruction to the jury. The defendant now argues that because Looney's testimony was far more prejudicial than probative of the defendant's mental state, admission of this evidence was reversible error. We disagree.

Evidence of prior crimes, while inadmissible to prove the defendant's bad character or disposition to commit the crime for which he is indicted, may be offered to prove an element of the crime or to show, *inter alia,* the defendant's motive, intent or knowledge. *See State v. Whitney,* 125 N.H. 636, 638, 484 A.2d 1158, 1159 (1984); *State v. Smith,* 125 N.H. 522, 525–26, 484 A.2d 1091, 1094 (1984); *State v. Barker,* 117 N.H. 543, 545–46, 374 A.2d 1179, 1180 (1977). *Cf.* N.H. R. Ev. 404(b). In resolving the question of admissibility, "[t]he judge must determine that the evidence is relevant for a purpose other than showing the character or disposition of the defendant, that the proof that the acts in question were committed by the defendant is clear, and that the probative value of the evidence outweighs the danger of prejudice to the defendant." *State v. Barker, supra* at 546, 374 A.2d at 1180. Absent an abuse of discretion, we will uphold the decision of the trial court that the challenged evidence was admissible. *State v. Brooks,* 126 N.H. 618, 625 495 A.2d 1258, 1263 (1985); *State v. Farrow,* 118 N.H. 296, 307, 386 A.2d 808, 815 (1978). The defendant has the burden of developing a record from which an abuse of discretion may be predicated on appeal. *State v. Staples,* 120 N.H. 278, 284, 415 A.2d 320, 324 (1980).

In this case, the record indicates that the defendant's objection to the proffered testimony was limited to relevancy. The court ruled on this question, not on whether the testimony was more prejudicial than probative. The defendant, having failed to object on the basis of undue prejudice, neither gave the trial court the opportunity to correct the alleged error, *State v. Avery,* 126 N.H. 208, 212, 490 A.2d 1350, 1353 (1985), nor established the record necessary for appeal. *State v. Staples supra.* Accordingly, the question of prejudice is not properly before us. *State v. Sefton,* 125 N.H. 533, 536, 485 A.2d 284, 286 (1984); *State v. Fernald,* 123 N.H. 442, 445, 462 A.2d 122, 124 (1983); *State v. Ellard,* 95 N.H. 217, 222, 60 A.2d 461, 464 (1948), *cert. denied,* 335 U.S. 904 (1949). *Cf.* N.H. R. Ev. 103(b)(1) ("a contemporaneous objection [must appear] of record, stating explicitly the specific ground of objection; all other grounds for objection shall be deemed waived").

Moreover, the court did not abuse its discretion in admitting this evidence. The prior crime involved precisely the same intent as

was at issue in the charged crimes. This evidence therefore was relevant, especially in light of the defendant's denial that the charged crimes ever took place. *See United States v. Richardson*, 764 F.2d 1514, 1522 (11th Cir. 1985); *United States v. Mortazavi*, 702 F.2d 526, 528 (5th Cir. 1983). Although the defendant argues that the statement was mere "braggadocio," the evidence of his election to boast about prior drug sales was probative of his intent to sell a controlled substance on the days in question. *United States v. O'Connor*, 737 F.2d 814, 821 (9th Cir. 1984), *cert. denied*, 105 S. Ct. 1198 (1985); *United States v. Mortazavi supra.* Finally, the fact that the prior crimes occurred at an unspecified time in the past and involved larger quantities of marijuana does not make the testimony unduly prejudical. *Cf. United States v. Mortazavi supra.* Therefore, the trial court did not abuse its discretion by admitting the challenged testimony.

■■ Ordinarily, when evidence is admissible for one purpose but may not properly be considered by the jury for another purpose, the court should give the jury a limiting instruction to remove any possible prejudice. *State v. Barker*, 117 N.H. 543, 546, 374 A.2d 1179, 1180 (1977). Yet where, as here, defense counsel did not request a limiting instruction but merely took a general exception, the defendant waives the right to raise the issue on appeal. *State v. Bean*, 120 N.H. 946, 949, 424 A.2d 414, 416 (1980); *Smith v. Railroad*, 87 N.H. 246, 254, 177 A. 729, 736 (1935).

We turn to the defendant's argument that the trial court erred in denying his motion for a continuance. At the close of the State's case-in-chief, the defendant requested a half-day continuance to locate Marcus Luce, whom he intended to call as a witness. Although the defendant had not subpoenaed Luce, the defendant had received assurances from Luce the night before trial that he would be present to testify. Luce, however, failed to appear on the day of trial. In moving for the continuance, defense counsel indicated that Luce was a "key witness" who would controvert Trooper Looney's testimony and corroborate the defendant's account of the meetings between Looney and Hood. The court denied the motion.

■■ The granting of a motion for a continuance is within the sound discretion of the trial court. *State v. Taylor*, 118 N.H. 859, 862, 395 A.2d 1239, 1241 (1978). In the present case, the court cited two reasons for its denial of the continuance. First, the court found that "Mr. Luce probably does not wish to testify based on the fact that, from what the State says, he would be perjuring himself if he did." Second, the court noted that the defendant had had ample time to secure Luce's presence but had failed to subpoena him. Upon this

record, we find no abuse of discretion. The trial court improperly considered the likelihood that Luce would testify truthfully; this determination was for the jury to make, as the trier of fact, after hearing Luce's testimony. *Belknap Textiles, Inc. v. Belknap Industries, Inc.*, 121 N.H. 28, 30, 424 A.2d 1141, 1142 (1981). However, the court properly determined that the defendant did not take available steps to assure the witness's attendance at trial. Where the defendant has had ample opportunity to subpoena a witness but fails to do so, we find no abuse of discretion in the trial court's denial of the defendant's motion to continue. *State v. Barham*, 126 N.H. 631, 640, 495 A.2d 1269, 1276 (1985).

*Affirmed.*

All concurred.