Hillsborough
No. 87-185

### The State of New Hampshire

v.

### John H. Trainor, Jr.

March 29, 1988

*Stephen E. Merrill*, attorney general (*John S. Davis*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

BATCHELDER, J. The defendant, John Trainor, appeals his conviction after a jury trial in Superior Court (*Bean*, J.) of attempted theft by deception. RSA 629:1, 637:4. He was sentenced to three to seven years in the State prison. We affirm.

The defendant was the bagman in a so-called "flim-flam" operation. On the morning of September 10, 1986, Brian or Bud Coleman, the owner of a video store in Keene, received a telephone call from a man identifying himself as Jim Collins, a United Parcel Service (UPS) employee. Collins told Coleman that his brother Henry Collins worked for a "large electronic firm," and had received an overshipment of merchandise, including video cassette recorders and camcorders. Collins asked Coleman if he would like to buy them, to which Coleman responded affirmatively. Collins made a repeat call to Coleman later that day and said that Henry Collins would be calling that afternoon to make the final arrangements.

In the meantime, Coleman called UPS and learned that Jim Collins was unknown to them. When Henry Collins called that afternoon he said he worked for Jordan Marsh Company, and that his brother Jim had told him that Coleman was interested in buying some merchandise. The two agreed upon a price of $4800 for the video equipment, and to meet in the Pheasant Lane Mall parking lot in Nashua at 11:00 a.m. the following day. Coleman then contacted Lieutenant Fish of the Keene Police Department, who substituted for Coleman at the mall the next day.

Lieutenant Fish arrived at the mall parking lot at the appointed hour, where a man later identified as the defendant approached him and asked, "Are you Bud?". Fish stated that he was, and the defendant directed him to a public telephone to speak with Henry Collins. Collins asked if Fish had the money, and told Fish that the equipment would be on "truck number nineteen." Collins directed Fish to pay the defendant, who would give him a receipt for the goods. Fish explained that the money was in his truck.

Fish and the defendant returned to Fish's vehicle, where Fish and other officers, from the Nashua Police Department, who had been waiting nearby, arrested the defendant. They waited for "truck number nineteen" to arrive, but to no avail. The defendant told the police that Henry Collins would be waiting for him in the video area of the Jordan Marsh store, but no one was there, and the store manager told the police that no one named Henry Collins worked at the store. The defendant later denied knowledge of any wrongdoing, claiming that he was an innocent middleman who had been duped by his friends.

The defendant was indicted for attempted theft by deception, and, prior to trial, the State by written motion sought to introduce evidence of a pending New York indictment to counter the defendant's claim that he had no knowledge of any illicit activity. The State sought to introduce the New York indictment and the testimony of an investigating officer. The motion was granted over defendant's objection, and the evidence was admitted at trial.

The New York indictment was based on the following facts. Approximately two weeks prior to the Nashua arrest, the defendant was arrested in Syracuse, New York, for his involvement in a similar incident. In that case, a man telephoned the proprietor of a video store in Syracuse and identified himself as Jim Collins from UPS. He said that his brother Henry had some video equipment for sale, and asked if the owner would like to buy some. The would-be victim contacted the police, who obtained a one-way intercept of the store's telephone line. A subsequent call from Jim Collins consisted of a discussion of the proposed sale. Later, Henry Collins called the store and arranged to sell the equipment for $4400 cash. The next day, a meeting was arranged to conduct the sale, and a New York State trooper was sent to the rendezvous. While in the store parking lot, the trooper was approached by a man named John, later identified as the defendant, and was asked to go to a nearby phone and await a call from Henry. When the call came, the trooper was told to deliver the cash to the defendant, who would provide a receipt, and that a delivery truck would be by in about ten minutes with the goods. A sales receipt from a local store was produced by the defendant, and the trooper gave the defendant $300, promising to pay the balance when the goods arrived. The police arrested the defendant, and the goods never arrived.

On this appeal, the defendant challenges the admissibility of the evidence of the New York indictment. He asserts that evidence of prior bad acts, see N.H. R. Ev. 404(b), is inadmissible unless it is clearly established that the defendant committed the prior acts, and that the probative value of the evidence is not substantially outweighed by its prejudicial effect. The defendant argues that it was not clear that he committed the prior offense, since he had only been indicted, not convicted. He argues, moreover, that the State relied on hearsay to prove the act, which does not meet the "clear" standard under State v. Smith, 125 N.H. 522, 484 A.2d 1091 (1984). The defendant also claims that the evidence was highly prejudicial because the jury could infer guilt from a pattern of conduct instead of from the facts of the offense charged.

374

██ Evidence of prior offenses or bad acts is admissible under certain circumstances. Rule 404(b) of the New Hampshire Rules of Evidence states:

> "(b) Other Crimes, Wrongs, or Acts.—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Prior to the effective date of the rule (July 1, 1985), this court had established a three-pronged test to determine the admissibility of prior offense evidence. In *State v. Barker*, 117 N.H. 543, 374 A.2d 1179 (1977), we held that evidence of prior offenses is admissible for a relevant purpose other than to show the "defendant's bad character, disposition or propensity to commit the crime for which he is indicted." *Id.* at 546, 374 A.2d at 1180. The decision to admit such evidence lies within the sound discretion of the trial court upon a determination that the evidence is relevant for a purpose other than character or disposition, that there is clear proof that the defendant committed the prior offenses, and that the probative value of the evidence outweighs the danger of prejudice to the defendant. *Id.* The requirements of *Barker* are also required under Rule 404(b). *State v. Hickey*, 129 N.H. 53, 60, 523 A.2d 60, 65 (1986).

██ The defendant concedes that the evidence of the prior New York incident would be relevant to show the defendant's knowledge that he was engaged in criminal conduct. Thus, the first prong of the *Barker* test is satisfied. The defendant's argument that there is no clear proof that he committed the prior wrong is without merit. Prior bad acts evidence is not limited to criminal convictions. 2 J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE ¶ 404[10], at 404–70 (1986); *see* N.H. R. EV. 404(b) (other wrongs or acts admissible). Evidence of a pending indictment, if otherwise competent and supported, is admissible. 29 AM. JUR. 2d *Evidence* § 331 (1967). Here, the testimony of the investigating officer from New York chronicled the events surrounding the indictment and linked the defendant to them. Under these facts, it is difficult to imagine clearer proof for purposes of a *Barker* determination.

██ The defendant's further argument that the supporting testimony of the investigating officer is not clear proof because it is hearsay, *see State v. Smith*, 125 N.H. at 525, 484 A.2d at 1094, is equally lacking in merit. In *Smith*, the only evidence connecting

the defendant with the prior bad acts was the testimony of one State witness which was founded on inadmissible hearsay. *Id.* Here, the testimony, not clearly challenged as inadmissible hearsay, was coupled with evidence of the pending indictment, a fact that takes this case beyond the reach of our holding in *Smith.*

The defendant next challenges the trial court's determination that the "probative value [of the evidence] would outweigh its prejudicial effect." The defendant argues that the court should have applied the Rule 403 test that "probative value is *substantially outweighed* by the danger of unfair prejudice," N.H. R. Ev. 403 (emphasis added), and should have concluded that the danger of the jury inferring guilt from the prior conduct outweighs the probative value of the evidence.

■■ The Rule 403 equation is the appropriate analysis for a *Barker* determination. *See State v. Parker,* 127 N.H. 525, 532, 503 A.2d 809, 813 (1985) (probative value not clearly outweighed by prejudicial effect); *see also United States v. Beechum,* 582 F.2d 898, 913 (5th Cir. 1978) (under Federal Rules of Evidence, Rule 403 analysis appropriate in Rule 404(b) determination). Under that analysis, the trial court must determine that the prejudice to the defendant does not substantially outweigh the probative value of the evidence. The defendant confuses the analysis. The trial court here applied a higher standard in holding that the probative value outweighed the prejudicial effect. Application of the Rule 403 analysis would produce, *a fortiori,* the same result. We agree with the State that the disputed evidence was highly probative on the issue of the defendant's knowledge, and disagree with the defendant's contention that the probative value was substantially outweighed by the danger of unfair prejudice. Thus, there being no showing that the admission of the prior bad acts evidence was "clearly untenable or unreasonable to the prejudice of [the defendant's] case," *State v. Parker, supra* at 532, 503 A.2d at 813 (quoting *State v. Whitney,* 125 N.H. 636, 639, 484 A.2d 1158, 1160 (1984)), we cannot say that the trial court abused its discretion in admitting the evidence.

*Affirmed.*

All concurred.