Belknap
No. 90-302

# THE STATE OF NEW HAMPSHIRE

v.

# DAVID SIMONDS

December 31, 1991

*John P. Arnold,* attorney general (*David S. Peck,* senior assistant attorney general, on the brief and orally), for the State.

*W. Kirk Abbott, Jr.,* assistant appellate defender, by brief and orally, for the defendant.

THAYER, J.    The defendant was convicted of felonious sexual assault, RSA 632-A:3, III, following a jury trial in Superior Court (*O'Neil,* J). On appeal he challenges his conviction, contending that the trial court erred in admitting evidence of a prior bad act. N.H. R. Ev. 404(b). Specifically, the defendant raises three issues: (1) the court erred in finding the prior bad act relevant for a purpose other than to show character or disposition; (2) the court erred in ruling that the probative value of the evidence of a prior bad act was not substantially outweighed by its prejudicial effect; and (3) the court erred in finding clear proof that the defendant had committed the prior offense. We find no error and affirm.

The defendant was indicted in Belknap County for two separate incidents of felonious sexual assault, the indictments alleging that he touched the breasts of two of his nieces, both of whom were under thirteen years of age. The defendant was also indicted in Merrimack

County for two different incidents of felonious sexual assault, the indictments there alleging, *inter alia*, that he touched the breasts of two of his nieces, one of whom was also an alleged victim in the Belknap County incidents and is the victim in the case now on appeal. Both of these alleged victims were under thirteen years of age.

The court denied the Belknap County Attorney's motion to transfer the two Merrimack County indictments to Belknap County for a consolidated trial. Prior to trial on the two Belknap County indictments, the State filed a motion for permission to use the Merrimack County indictments as evidence of prior bad acts. N.H. R. Ev. 404(b). At a pretrial hearing, the court granted the State's motion over the defendant's objection. Subsequently, the Merrimack County indictments were *nol prossed*. At trial, the jury acquitted the defendant of one of the Belknap County charges.

The victim in the case on appeal, who was twelve years old at the time of trial, testified that one Saturday she and the defendant were attending a family birthday party at her cousin's house in Belmont. The victim and the defendant were riding a three-wheeler on trails in the neighborhood when the defendant stopped the vehicle, lifted up her jacket and shirt and began touching her breasts as he kissed her.

The victim also testified as to the Merrimack County incident, which occurred prior to the events related above. She testified that while watching television with the defendant, he had touched her breasts and kissed her.

■ As a preliminary matter, the State argues that the defendant's failure to object contemporaneously during trial to the admissibility of the prior bad act evidence bars him from raising that issue on appeal. We disagree with the State's position that the defendant was required to renew at trial his objections to the evidence, which were originally asserted at the pretrial hearing on the State's motion to admit prior bad act evidence. Accordingly, we address the substantive issues raised by the defendant on appeal.

■■ Evidence of prior bad acts is admissible for limited relevant purposes other than to prove the "defendant's bad character, disposition or propensity to commit the crime for which he is indicted." *State v. Barker*, 117 N.H. 543, 546, 374 A.2d 1179, 1180 (1977). New Hampshire Rule of Evidence 404(b) states:

"(b) Other Crimes, Wrongs, or Acts.—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in

conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

A three-pronged test is utilized to determine the admissibility of evidence of a prior bad act. *State v. Barker supra.* First, the evidence must be relevant for a purpose other than to prove character or disposition. Second, there must be clear proof that the defendant committed the prior offense. Third, the probative value of the evidence must not be substantially outweighed by the danger of prejudice to the defendant. *State v. Tarsitano,* 134 N.H. 730, 735, 599 A.2d 474, 477 (1991).

■■ "The decision to admit [prior bad acts] evidence lies within the sound discretion of the trial court." *State v. Trainor,* 130 N.H. 371, 374, 540 A.2d 1236, 1238 (1988). "The defendant bears the burden of . . . proving an abuse of discretion by the trial court . . . . To constitute an abuse of discretion reversible on appeal, the defendant must show that the trial court's ruling was 'clearly untenable or unreasonable to the prejudice of his case.'" *State v. Walters,* 128 N.H. 783, 786, 519 A.2d 305, 307 (1986) (quoting *State v. Whitney,* 125 N.H. 636, 639, 484 A.2d 1158, 1160 (1984)) (citations omitted).

The defendant was charged with felonious sexual assault, RSA 632-A:3, III. The State was required to prove that the defendant intentionally touched his niece's breasts for the purpose of sexual arousal or gratification. The defendant argues that if the jury found that he had engaged in the alleged conduct, the requisite state of mind necessarily followed and, therefore, "the real issue in this case was whether the conduct occurred at all." Thus he contends that the evidence was not relevant for a purpose other than to prove character or propensity, and the trial court erred in allowing the prior bad act evidence to show intent because the probative value of that evidence was "extremely weak."

■ In *State v. Hickey,* 129 N.H. 53, 60–61, 523 A.2d 60, 65 (1986), this court stated that "when there is a need to prove that a defendant acted purposely . . . the court may find, in the proper exercise of discretion, a stronger justification for admitting evidence of prior crimes to prove intent than if the burden is to prove mere recklessness." Because in *Hickey* the "real issue was whether the defendant committed [felonious sexual assault]," we held that evidence of the defendant's alleged prior assaults upon the victim would have been

admissible to prove the defendant's state of mind. *Id.* at 61, 523 A.2d at 65.

Evidence of the defendant's prior sexual contact with the victim was relevant to and probative of his intent, at the time of the Belknap County incident, to touch her for the purpose of sexual arousal or gratification. *See State v. Parker*, 127 N.H. 525, 532, 503 A.2d 809, 813 (1985). Such evidence "made it more probable that any associated contact of the defendant with the clothing upon the sexual parts of the victim's body was intentional, not casual, manifesting the requisite sexual purpose." *State v. Hood*, 131 N.H. 606, 607, 557 A.2d 995, 996 (1989). The evidence was not admissible to show that the defendant had a propensity to engage in sexual misconduct generally, but was admissible to demonstrate an intent to touch this victim for sexual gratification. The defendant has failed to establish that the trial court's decision to admit evidence of the prior bad act to prove intent was "clearly untenable or unreasonable." *State v. Whitney*, 125 N.H. at 639, 484 A.2d at 1160. The defendant cannot seriously argue that such a holding allows evidence of prior acts in any case in which the State charges "purposeful" or "knowing" conduct. Such a position simply ignores the considerations which must be undertaken on a case-by-case basis by the trial court.

■■ The defendant also contends that the trial court failed to articulate the basis for finding that the probative value of the evidence was not substantially outweighed by its prejudicial effect. "While . . . we would strongly encourage the trial court to assist our review by making specific findings to support its evidentiary rulings, the failure to do so, in and of itself, does not require reversal." *State v. Dalphond*, 133 N.H. 827, 830, 585 A.2d 317, 320 (1991). Moreover, because the defendant has not shown "that the admission of the prior bad acts evidence was 'clearly untenable or unreasonable to the prejudice of [his] case' (citations omitted), we cannot say that the trial court abused its discretion in admitting the evidence." *State v. Trainor*, 130 N.H. at 375, 540 A.2d at 1239.

■ The defendant also suggests that error occurred when the trial court failed to issue a limiting instruction, both when the victim's testimony was first elicited and again during its final charge. Because the defendant failed to request such instructions or object to their absence, he cannot now complain of error. *State v. Bruce*, 132 N.H. 465, 470, 566 A.2d 1144, 1148 (1989) (obligation of counsel to request instructions limiting the scope of evidence); *State v. Brown*, 132 N.H. 520, 527, 567 A.2d 544, 548 (1989) (counsel must object at trial to jury instructions).

Finally, the defendant argues that the trial court erred in finding, based on an untried indictment, clear proof that the defendant committed the prior bad act. This argument fails, however, because "[p]rior bad acts evidence is not limited to criminal convictions." *State v. Trainor*, 130 N.H. at 374, 540 A.2d at 1238 (citation omitted). "Evidence of a pending indictment, if otherwise competent and supported, is admissible." *Id.* (citing 29 AM. JUR. 2d, *Evidence* § 331 (1967)). The State proceeded at the motions hearing with an offer of proof in which it indicated that the victim would testify at trial as to the incident which was the basis of the indictment. On appeal, the defendant contends that the "paucity of facts presented by the prosecution in its offer of proof" failed to "fully inform[ ] [the trial court] of the expected testimony." The defendant did not, however, object at the hearing to the State's proceeding by an offer of proof nor challenge the offer, either at the hearing or at trial. At trial, the victim in the untried indictment testified to the acts alleged. Thus, the testimony of the victim supported the allegations in the indictment, and the testimony in connection with the indictment provided clear proof that the defendant committed the prior bad act. *See State v. Trainor*, 130 N.H. at 374, 540 A.2d at 1238.

The defendant argued to the trial court that the Merrimack County indictments were going to be *nol prossed*, presumably implying that they could not, therefore, constitute sufficient proof. The record indicates, however, that at the request of the Belknap County Attorney, the Merrimack County indictments were *nol prossed* without prejudice in the hope of reaching a plea agreement in Merrimack County after the trial of this case, thereby avoiding the necessity for making the victim go through two trials. Under these circumstances, the trial court did not err in finding clear proof of the prior bad act.

*Affirmed.*

All concurred.