Belknap
No. 92-276

THE STATE OF NEW HAMPSHIRE

v.

LEROY SHARON

March 25, 1993

*Jeffrey R. Howard,* attorney general (*Donald Feith,* senior assistant attorney general, on the brief and orally), for the State.

*Timothy M. Landry,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

BATCHELDER, J.   The defendant, Leroy Sharon, was found guilty of theft by deception, RSA 637:4 (1986 & Supp. 1992), after a jury trial (*Dickson,* J.) in Superior Court. In substance the indictment upon which the defendant was tried alleged that on October 21, 1989, he obtained from Aniello Trotta a sum of money, in excess of one thousand dollars, by creating a false impression that the defendant would build a garage at Trotta's residence, an impression which the indictment further alleged the defendant did not believe to be true. The defendant's appeal is based upon (1) a claim of insufficiency of the evidence to show the requisite intent to deprive; (2) the admission of subsequent bad act evidence under New Hampshire Rule of Evidence 404(b); and (3) the trial court's refusal to permit certain cross-examination of the complainant's attorney. For the following reasons, we reverse.

The evidence before the jury, viewed in the light most favorable to the State, is susceptible of being briefly summarized. In September 1989, Mr. Trotta enquired of a neighbor concerning the builder of the neighbor's new garage and was thereby led to the defendant. Mr.

Trotta and the defendant met at the Trotta residence and discussed the design and construction of a garage. Mr. Trotta determined about three weeks later to go forward with the project, and on October 21, 1989, the two came to terms and signed a written memorandum of their agreement, which set forth the price but made no reference to a date of commencement or completion of the work. The defendant assured Mr. Trotta that he, the defendant, would obtain the building permit. Mr. Trotta paid the defendant $3260 as a partial payment on the contract, and the defendant said that he would obtain the necessary building permits and start the foundation work the following Wednesday. Mr. Trotta inspected the premises on that day and found nothing had been done. He pursued the defendant over the ensuing weeks but succeeded in communicating with him on only one occasion, at which time the defendant assured him, "It will get done. Don't worry about it." On December 11, Mr. Trotta consulted an attorney, who instituted a civil law suit for breach of contract in the Laconia District Court to recover the $3260 down payment as well as other consequential damages. Summary judgment was awarded in due course in Mr. Trotta's favor. The defendant subsequently filed for bankruptcy.

At trial, the jury was permitted, over a defense objection, to hear bad act evidence offered in the testimony of William Edson. *See* N.H. R. Ev. 404(b). He testified to having had a similar experience with the defendant in that he paid the defendant money in the expectation of having a garage constructed, but no garage was in fact built. In Mr. Edson's case, however, some clearing work was done on the lot, and the event took place during the summer following the facts giving rise to the indictment before us. The jury also heard a town official, who testified that the defendant had applied for the Trotta building permit, paid a small fee, and subsequently had the fee and the application returned because a zoning variance was required.

■ The first question before us is whether on this evidence the verdict can stand. The theft by deception statute, RSA 637:4 (1986 & Supp. 1992), requires the highest degree of culpable mental state, *i.e.*, purposely, and, unlike most provisions of the criminal code, contains cautionary language amounting to a caveat. The language at issue states as follows: "Provided, however, that an intention not to perform a promise, or knowledge that it will not be performed, shall not be inferred from the fact alone that the promise was not performed." RSA 637:4, II(a). Because persons rarely explain to others the inner workings of their minds or mental processes, one's culpable

mental state must, in most cases, as here, be proven by circumstantial evidence. It is fundamental to our justice system that where the State relies on circumstantial evidence to prove an essential component of its case, such evidence must exclude all rational conclusions except guilt. *State v. Haycock*, 136 N.H. 361, 616 A.2d 481 (1992); *State v. Smith*, 127 N.H. 433, 436, 503 A.2d 774, 776 (1985).

In this case, there was a period of time of probably five or six weeks, from the expected issuance of a building permit until Mr. Trotta brought civil suit for breach of contract on or about December 11, in which the defendant failed to perform as promised. His failure to inform Mr. Trotta that a variance would be required prior to the issuance of a building permit was egregious conduct on his part. Nonetheless, however despicable the defendant's conduct may have been, the State's burden was to show that he harbored the requisite intent to deceive on October 21, 1989, when he took Mr. Trotta's money. On all the facts, viewed most favorably to the State, the conduct here was as much indicative of an irresponsible member of the business community in financial extremis on the threshold of bankruptcy as it was of a thief whom the statute was intended to punish. A rational conclusion consistent with innocence could not, therefore, be ruled out. We note that the conduct here is in stark contrast to that of the defendant in *State v. Trainor*, 130 N.H. 371, 540 A.2d 1236 (1988), where a defendant was successfully prosecuted for theft by deception for seeking out merchants of electronic equipment and promising to deliver non-existent merchandise at reduced wholesale prices in exchange for payment in full in advance of delivery. *Id.* at 372–73, 540 A.2d at 1237–38.

The testimony of William Edson was the only evidence in this case of the defendant's conduct subsequent to the charged conduct. Because that testimony describes activity equally consistent with guilt or innocence, it does not supply the missing proof in the defendant's prosecution, *i.e.*, his intent on October 21, 1989: Because we reverse on the grounds stated, we do not consider the applicability of New Hampshire Rule of Evidence 404(b) to subsequent bad acts or the alleged denial of cross-examination.

*Reversed.*

All concurred.