**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Raymond HOGUE, Defendant-Appellant.**

No. 86–2029.

United States Court of Appeals, Tenth Circuit.

Aug. 19, 1987.

Alonzo J. Padilla, Albuquerque, N.M., for defendant-appellant.

William L. Lutz, U.S. Atty. (Robert J. Gorence, Asst. U.S. Atty., with him on the brief), Albuquerque, N.M., for plaintiff-appellee.

Before LOGAN and SETH, Circuit Judges, and BOHANON, District Judge[*].

SETH, Circuit Judge.

Appellant, Raymond Hogue, was convicted of voluntary manslaughter in violation of 18 U.S.C. §§ 1112 and 1153 in the United States District Court for the District of New Mexico for the fatal stabbing of Robert Benny. He received a ten-year prison term. Appellant appeals his conviction, contending, among other theories, that the trial court should have granted his motion in limine to exclude evidence of his attacks on other victims prior and subsequent to the stabbing. We hold that the trial court erred in allowing the government to introduce evidence of the assaults. Accordingly, we reverse the judgment and remand the case for a new trial.

Late one night, Virginia Gould, appellant's girlfriend, drove to the Turnaround Bar outside of Farmington, New Mexico and picked up the appellant, who had been drinking there. Ms. Gould and Mr. Hogue headed for Navajo Agricultural Products Industries housing where they lived together. They quarreled in the car. Ms. Gould pulled into the driveway of Lorraine Smallcanyon, a neighbor with whom she had left her three children. As Ms. Gould and Mr. Hogue sat in the car, he kicked the windshield, causing a few cracks. Ms. Gould asked her son to get Ms. Smallcanyon's boyfriend, Robert Benny, from inside the house so that he could remove Mr. Hogue from the car. Mr. Benny came out to the car, ordered Mr. Hogue out of it and hit him several times.

Mr. Hogue then left the Smallcanyon house and walked home. He later returned to the house as Mr. Benny and two of Ms. Gould's children were pulling out of the

[*] Honorable Luther L. Bohanon, United States District Judge for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

driveway in Mr. Benny's truck. Everyone got out of the truck. The children went inside the house. A fight between Raymond Hogue and Robert Benny began. Mr. Benny was stabbed in the chest with a short knife belonging to Mr. Hogue and died the following day.

Appellant was indicted for the first degree murder of Robert Benny in violation of 18 U.S.C. §§ 1111 and 1153. Prior to trial, he submitted a motion in limine to exclude testimony that he beat Virginia Gould prior to the stabbing and struck her and two of her children with an axe after the stabbing. The district court denied the motion. The court found that the testimony was relevant under Fed.R.Evid. 404(b) to prove the absence of mistake or accident and that its probative value outweighed any prejudicial effect. A jury trial ensued.

During the trial, the court overruled Mr. Hogue's objection to the testimony. At trial, Ms. Gould testified about Mr. Hogue's attacks with an axe subsequent to the stabbing and became so emotionally distraught that the court had to call a recess. When Ms. Gould resumed testifying, she stated that Mr. Hogue struck her daughter on the back of her head, struck her son on the face and struck her twice on the stomach, twice on the shoulder and once on the back with the axe on March 8, 1986. The charged offense took place the night of December 24/25, 1985. She also testified that Mr. Hogue had beaten her on several occasions prior to the stabbing. The prosecution referred to the axe assaults during its closing argument. At the close of the trial, the court instructed the jury that the evidence of Mr. Hogue's prior and subsequent misconduct could not be considered in the determination of whether he committed the crimes charged in the indictment. The jury found him guilty of the lesser included offense of voluntary manslaughter and he appeals.

■ Under Rule 404(b) of the Federal Rules of Evidence, evidence of other crimes, wrongs or acts committed by the defendant is not admissible to prove a defendant's criminal character. We explained the reason for this general exclusionary rule in *United States v. Burkhart,* 458 F.2d 201, 204 (10th Cir.):

> "[A]lthough such evidence may have at least some relevance to the offense being tried, its predominant quality is to show up the defendant's character as a car thief or a bad check artist, for example. Proof of defendant's sociopathic disposition is not a valid object. Showing that a man is generally bad has never been under our system allowable. The defendant has a right to be tried on the truth of the specific charge contained in the indictment."

"Other acts" evidence may be admissible if it is offered for purposes other than character "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). However, the mere identification of a permissible purpose does not render the evidence automatically admissible.

This circuit has developed guidelines for admitting evidence of other crimes, wrongs or acts under Rule 404(b). We have held that the government bears the burden of demonstrating how the proffered evidence is relevant to an issue in the case. *United States v. Biswell,* 700 F.2d 1310, 1317 (10th Cir.). In demonstrating the relevance of proffered "other acts" evidence, "[t]he Government must articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the evidence of other acts." *United States v. Kendall,* 766 F.2d 1426, 1436 (10th Cir.). "There must be a clear and logical connection between the alleged earlier offense or misconduct and the case being tried." *Biswell,* 700 F.2d at 1317–1318. In *United States v. Morales-Quinones,* 812 F.2d 604, 612 (10th Cir.), we stated that before evidence of other wrongs could be admissible it:

> "(1) must tend to establish intent, knowledge, motive, identity or absence of mistake or accident; (2) must also be so related to the charge that it serves to establish intent, knowledge, motive, identity or absence of mistake or accident; (3) must have real probative value, not

just possible worth; and (4) must be close in time to the crime charged."

■ Even if the trial court determines that the "other acts" evidence meets the guidelines for admission under Rule 404(b), it must conduct a separate balancing of the evidence's probative value and prejudicial effect under Fed.R.Evid. 403. This balancing aspect is not reached in the case before us because the record shows that the evidence was admitted for an impermissible purpose contrary to Rule 404(b).

■ In the instant case, the fact that the "other acts" evidence concerned violent episodes which occurred subsequent to the stabbing does not in and of itself preclude the evidence's admission. Rule 404(b) refers to "other" crimes, wrongs or acts and does not specifically exclude acts subsequent to the incident or incidents giving rise to the charges in the indictment. Moreover, we have found that evidence of subsequent acts may be admissible assuming it meets the requirements of Rule 404(b). For example, in *United States v. Gutierrez*, 696 F.2d 753, 755 (10th Cir.), we held that evidence that defendants facing robbery charges had committed another bank robbery some five weeks after the robbery which was the subject of the trial was admissible because it was not being used to prove character and because of the similarity in the two crimes.

■ Mr. Hogue's defense was that the stabbing of Mr. Benny was accidental. The prosecution offered "other acts" evidence for the purpose of proving the absence of an accident and the trial court found that the evidence was admissible for that purpose. Although the trial court identified a purpose enumerated in Rule 404(b) for the admission of "other acts" evidence, it failed to draw a clear and logical connection between the "other acts" evidence and the case being tried that would justify the admission of the evidence.

There is no way that the absence of an accident can be inferred from the evidence of Mr. Hogue's assaults on Ms. Gould and her children prior and subsequent to the stabbing of Mr. Benny without violating Rule 404(b)'s proscription on the admission of "other acts" evidence "to prove the character of a person in order to show that he acted in conformity therewith." In order to conclude that Mr. Hogue's prior and subsequent assaults establish the absence of an accident, that the assaults are so related to the murder charge as to establish the absence of an accident and that the assaults have probative value, as our guidelines require, the trial court would have had to infer that if Mr. Hogue assaulted a woman and her children prior to and subsequent to the stabbing, he had a propensity for violence and therefore could not have stabbed Mr. Hogue accidentally. The government's argument for the admission of the "other acts" evidence effectively rested on the same, impermissible assumption that Mr. Hogue had a violent disposition, despite a disclaimer to the contrary:

"[I]t's the Government's position that Mr. Hogue has not a propensity towards violence, but uses violence, and has used it before, he used it after the event, and that there was no accident in this case."

Tr. Vol. III at 23.

The circumstances in this case are different from those in other cases where a defendant who faces a murder charge and who raises a defense of accident previously has exhibited violence toward the murder victim. In *United States v. Naranjo*, 710 F.2d 1465 (10th Cir.), the defendant was charged with the second degree murder of his former wife. He claimed that the victim was shot accidentally. The Tenth Circuit upheld the trial court's admission of evidence of the defendant's prior batteries of the victim because the evidence "was relevant, clear, and convincing in rebutting the asserted defense of accident." 710 F.2d at 1467. The court found that "[t]he prior batteries and the charged killing ... have in common their violent nature and the victim" and that the prior batteries were not too remote in time. 710 F.2d at 1467–1468. The court held that the evidence illustrated a "pattern of abuse" which was probative of intent or absence of accident. 710 F.2d at 1468. Similarly, in

*United States v. Harris,* 661 F.2d 138, 142 (10th Cir.), we upheld the admission of evidence tending to show that a defendant charged with the murder and child abuse of his infant son previously injured the child. The *Harris* court reasoned that admission of the "other acts" evidence for the purpose of showing the absence of an accident was legitimate in view of the defendant's accident defense and the helplessness of the victim. 661 F.2d at 142.

In *Naranjo* and *Harris,* there was a logical connection between the "other acts" evidence and the case being tried that did not depend on an impermissible generalization about the defendant's violent disposition. Evidence of the systematic abuse of a particular victim tends to negate the defense of accident because it shows that the defendant had strong feelings toward a particular individual that may have contributed to the formation of intent or motive. In contrast, Mr. Hogue's prior and subsequent assaults on Ms. Gould and her children do not have any bearing on the question of whether the stabbing of a different victim, Mr. Benny, was accidental or intentional. Thus, there is no "clear and logical connection between the alleged other acts and the case being tried." *United States v. Cook,* 745 F.2d 1311, 1317 (10th Cir.). We therefore hold that the evidence of Mr. Hogue's prior and subsequent assaults should not have been admitted under Rule 404(b).

The prosecutor's reference to the axe attacks in his summation indicated to the jury that it could consider the attacks in evaluating the defendant's guilt of the charged offense. The limiting instruction the trial judge gave to the jury at the end of the trial could not have cured whatever prejudice occurred. We thus must find that admission of the evidence of Mr. Hogue's prior and subsequent misconduct was error.

Accordingly, the judgment is REVERSED and the case is REMANDED for a new trial. IT IS SO ORDERED.