Carroll
No. 92-041

THE STATE OF NEW HAMPSHIRE

v.

CAROLYN BLACKEY

April 16, 1993

*Jeffrey R. Howard,* attorney general (*Amy Vorenberg,* assistant attorney general, on the brief and orally), for the State.

*Timothy M. Landry,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

JOHNSON, J.   The defendant, Carolyn Blackey, appeals her conviction of simple assault following a jury trial in the Superior Court (*Temple,* J.). The sole issue on appeal is whether the trial court erred in admitting "prior bad acts" evidence pursuant to New Hampshire Rule of Evidence 404(b). We hold the evidence inadmissible and therefore reverse.

The State accused Blackey of injuring a four-year-old girl who attended the day care center Blackey owned and operated. Specifically, the State attempted to prove that Blackey stuck three of the child's fingers together with a diaper pin, fastened the pin, and then squeezed the child's hand. Blackey did not dispute the allegation that the girl injured her hand while at the day care center, but denied any involvement with the injury, and suggested the girl hurt herself by

falling from a stationary bicycle. To rebut this suggestion, the State moved to introduce evidence that Blackey had physically abused other children at the day care center. After a hearing, and over Blackey's objection, the trial court admitted the evidence under Rule 404(b) to indicate a pattern of conduct and to show "absence of . . . accident."

The prior bad acts evidence was introduced to the jury in the form of testimony by Loren Magnum, who had once worked at the day care center and had eventually been fired by Blackey. Magnum testified that she had seen Blackey pull children's hair and ears; kick a child in the buttocks; kick a chair a child was sitting in, causing him to fall; grab children by the arm and fling them about, occasionally causing them to hit their heads; and drop a toddler onto a feather bed. There was no testimony that Blackey had hurt a child in a manner similar to the "pinning" alleged here or that she had ever previously injured the alleged victim. The jury convicted Blackey, and this appeal followed.

Rule 404(b) states:

> "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Before admitting prior bad acts evidence under Rule 404(b), "the trial court must determine that (1) the evidence is relevant for a purpose other than to prove character or disposition; (2) there is clear proof that the defendant committed the prior offense; and (3) the prejudice to the defendant does not substantially outweigh the probative value of the evidence." *State v. Michaud*, 135 N.H. 723, 727, 610 A.2d 354, 356 (1992). A decision admitting evidence of prior bad acts lies within the sound discretion of the trial court. *See State v. Trainor*, 130 N.H. 371, 374, 540 A.2d 1236, 1238 (1988). On appeal the defendant bears the burden of showing that the ruling was "clearly untenable or unreasonable to the prejudice of his case." *Michaud*, 135 N.H. at 727, 610 A.2d at 356 (quotation omitted).

We first address Blackey's argument that the trial court erred in admitting Magnum's testimony as relevant to the issue of absence of accident under Rule 404(b). Blackey contends that prior bad acts evidence is admissible to prove absence of accident only

when the defendant admits committing the act in question, but claims he or she did it accidentally. Since Blackey denied injuring the complainant at all, accidentally or otherwise, she argues that the prior bad acts evidence was inadmissible under Rule 404(b) to prove absence of accident and violated the rule's proscription against using such evidence to prove character or disposition. The State counters that the Rule 404(b) absence of accident provision applies any time the defendant suggests an accident was responsible for the event in question, regardless of the defendant's involvement, or non-involvement, in the accident that allegedly caused the injuries. We agree with Blackey's position.

■ To properly resolve this issue, we must initially consider the purpose of Rule 404(b). The rule states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith," and approves introduction of such evidence only "for other purposes," illustrations of which are then set forth. We have interpreted this to mean that such evidence may not be used to prove "character *or disposition*." *State v. Dushame*, 136 N.H. 309, 316, 616 A.2d 469, 473 (1992) (emphasis added). In other words, a trial court must guard against allowing a jury to convict a person merely because the person is "bad" or "has a tendency to commit the offence [*sic*] with which he [or she] is charged." *State v. Lapage*, 57 N.H. 245, 304 (1876). A defendant may only be convicted if the jury finds that the accused committed the specific act that is the subject of the trial, and not some similar act at some other time. "The case of the [defendant] is to be tried upon its own merits." *Id.* The Tenth Circuit Court of Appeals explained:

> "Although [prior bad acts] evidence may have at least some relevance to the offense being tried, its predominant quality is to show up the defendant's character as a car thief or a bad check artist, for example. Proof of defendant's sociopathic disposition is not a valid object. Showing that a [person] is generally bad has never been under our system allowable. The defendant has a right to be tried on the truth of the specific charge contained in the indictment."

*United States v. Hogue*, 827 F.2d 660, 662 (10th Cir. 1987) (quotation omitted). This court has emphatically warned: "[A]bove all should [prior bad acts] not be permitted to blacken [the defendant's] character, to show that he [or she] is worthless, to lighten the sense of responsibility which rests upon the jury, by showing that he [or she] is not worthy of painstaking and care." *Lapage*, 57 N.H. at 289.

■ With the foregoing in mind, we examine the absence of accident provision in Rule 404(b). The State argues that Blackey's interpretation, applying the provision only where the defendant admits involvement in the act in question, but claims it was committed accidentally, is too narrow. In its brief, the State contends that Magnum's testimony "was not introduced, as defendant suggests, to show the absence of the bicycle accident, but rather to show the absence of an accident that caused the victim's injuries." Rather than finding Blackey's position too narrow, we find the State's position too broad.

To ensure that Magnum's testimony will not simply be used to show up Blackey's character as, or propensity to be, a child abuser, it must have some direct bearing on an issue actually in dispute. *See Hogue*, 827 F.2d at 662; *United States v. Figueroa*, 618 F.2d 934, 939 (2d Cir. 1980). The State's argument, however, violates this requirement. The State fails to explain satisfactorily how evidence of Blackey's prior abuse of children at the day care center proves that an accident did not cause the complainant's injuries in the case before us. For Magnum's testimony to have any significant relevance to the primary question disputed below—whether Blackey committed the act charged—we would have to assume that, on this particular occasion, Blackey acted in conformity with her alleged propensity to physically abuse the children entrusted to her care. To make this assumption would be a violation of Rule 404(b).

We need not repeat our exhortations against this use of evidence, *Lapage*, 57 N.H. at 289, 304, and simply conclude that the State's— and the trial court's—interpretation of the absence of accident provision in Rule 404(b) is in error. *See United States v. Johnson*, 879 F.2d 331, 334 n.2 (8th Cir. 1989) (where defendant did not claim he committed the act charged accidentally, prior bad acts evidence was not admissible to prove absence of accident); *People v. Leo*, 188 Mich. App. 417, 423–24, 470 N.W.2d 423, 426 (same), *appeal denied*, 439 Mich. 897, 478 N.W.2d 453, *appeal denied*, 478 N.W.2d 477 (Mich. 1991). Blackey has met her burden of showing that the trial court's ruling admitting Magnum's testimony to prove absence of accident was "clearly untenable and unreasonable." *Michaud*, 135 N.H. at 727, 610 A.2d at 356.

■ We next address the State's contention that Magnum's testimony was admissible under Rule 404(b) as evidence of a pattern of abuse. There is, of course, no provision in Rule 404(b) specifically allowing the admissibility of prior bad acts evidence to prove a "pattern," but Rule 404(b) permits admission of such evidence for any

purpose other than "to prove the character of a person in order to show that the person acted in conformity therewith." We must therefore determine whether proving that Blackey exhibited a pattern of abuse is a purpose sufficiently distinct from proving her abusive character or her propensity to abuse the children attending her day care center. *See Michaud,* 135 N.H. at 727, 610 A.2d at 356. We hold that it is not.

Over one hundred years ago, this court stated an evidentiary rule that was well-settled even then: evidence of a defendant's prior bad acts "is not permitted to show in [a] prisoner a tendency or disposition to commit the crime with which he [or she] is charged." *Lapage,* 57 N.H. at 289. This principle has not lost any strength in the succeeding years and forms the foundation for our present Rule 404(b). *See Hogue,* 827 F.2d at 662. The trial court, however, violated this principle by admitting Magnum's testimony to prove a pattern of abuse. As the State explained in oral argument, the "pattern" means that, because Blackey allegedly abused children in the past, she was more likely to have done so on this particular occasion. We find the State's professed purpose for admitting Magnum's testimony here to be precisely the use of evidence that Rule 404(b) was designed to avoid. *See Lapage,* 57 N.H. at 289; *see also State v. Simonds,* 135 N.H. 203, 207, 600 A.2d 928, 930 (1991). Accordingly, we hold that Blackey has met her burden of proving that the trial court abused its discretion in admitting Magnum's testimony for the purpose of proving a pattern of abuse. The court's ruling was "clearly untenable and unreasonable," *Michaud,* 135 N.H. at 727, 610 A.2d at 356, and it prejudiced Blackey's case, *see id.*

*Reversed and remanded.*

All concurred.