**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 3, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CARL BAILEY, also known as
Imhotep Amin Ra,

Defendant-Appellant.

No. 04-5008

Northern District of Oklahoma

(D.C. No. 02-CR-169 C)

## ORDER AND JUDGMENT[*]

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Carl Bailey, a/k/a "Imhotep Amin Ra," was convicted by a jury of

conspiring to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(c), and 846. The district court sentenced him to 236 months

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

imprisonment. Mr. Bailey now appeals his conviction, arguing that the district court improperly admitted evidence of cell phone conversations and drug paraphernalia. He also argues that his sentence is constitutionally infirm in light of *United States v. Booker*, 125 S.Ct. 738 (2005). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and **AFFIRM** the judgment of the district court.

## I.

On January 23, 2002, Oklahoma Highway Patrol Trooper Branson Perry stopped a full-size Ford van for failing to signal when changing lanes while traveling on Interstate 44. Upon approaching the van, Trooper Perry noticed that the driver, Jerry Steele, was "extremely nervous" and that the nervousness "elevated" during the course of the traffic stop. While Trooper Perry conversed with Mr. Steele, a second vehicle, a full-size GMC van, pulled over to the side of the road approximately 50 yards ahead of them. Trooper Perry asked Mr. Steele if he was traveling with another van and according to Trooper Perry, Mr. Steele indicated that he was. Trooper Perry suspected that Mr. Steele might be involved in criminal activity and later testified that he based this suspicion on the "totality of the circumstances" surrounding the traffic stop. Trooper Perry checked to see if Mr. Steele had any outstanding warrants and, when he found that Mr. Steele did indeed have an outstanding warrant, arrested him. Oklahoma Highway Patrol Officers also arrested the driver of the second vehicle, Akil Kontar, who had

driven to a nearby McDonald's restaurant. Both vans were searched and the officers discovered approximately 215 pounds of marijuana.

After the arrest, Mr. Steele and Mr. Kontar both indicated that they had been traveling under the direction of Mr. Bailey who, they said, had supplied them with the vans and cash and contacted them frequently via cell phone during the trip. Mr. Bailey was arrested in Ohio on December 10, 2002, on a warrant originating from the Northern District of Oklahoma. The drug enforcement agent who arrested Mr. Bailey found in his apartment certain items that the agent later testified were drug paraphernalia, including a money counter, a scale, a "heat sealer," and many Ziploc plastic bags. After two jury trials resulted in a mistrial and a hung jury, respectively, Mr. Bailey was convicted by a jury on October 8, 2003. Mr. Bailey raises three issues on appeal.

## II.

### A.

Mr. Bailey argues that the district court improperly admitted cell phone records showing calls between Mr. Bailey and Mr. Kontar during the course of the latter's travels to and from Ohio. Mr. Bailey argues that there are two reasons for excluding the cell phone records.

First, he argues that the "cell-phone records were woefully incomplete, and presented for inspection [too] late," rendering the evidence unreliable "due to the

procedural inequities set in motion by the government." Appellant's Br. at 23. He argues that his right to cross-examine witnesses—presumably the custodians of the cell phone records—was violated. Since he did not raise this constitutional issue below, we review for plain error. *United States v. Agnew*, 931 F.2d 1397, 1406 (10th Cir. 1991).

Rule 803(6) creates an exception to the hearsay rule for records "kept in the course of a regularly conducted business activity." The Rule allows for the authenticity of the records to be established "by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification." Fed. R. Evid. 803(6). The district court stated its belief that the admission of the cell phone records complied with the rules.

Mr. Bailey offers no support for his contention that the records of cell phone calls were incomplete. The cell phone records that were introduced spanned a period of time beginning four days prior to the alleged drug run until eighteen days after the end of the alleged drug run. Nor does Mr. Bailey indicate why the admission of additional phone records would cause the admitted records to become less reliable.

Furthermore, Mr. Bailey's argument that he was not given enough time to review the cell phone records or the opportunity to challenge their accuracy is

without support in the record. After hearing Mr. Bailey's concerns about the cell phone records and ruling on his motion, the district court stated that Mr. Bailey would be allowed "any inquiry [he] wish[ed] to make" regarding the certification of the records. The court told counsel, "if you find any reason to doubt [the accuracy], you just let me know and we'll work on it." Mr. Bailey did not raise the question again.

Second, Mr. Bailey argues that Rule 803(6) was improperly applied in his case because the cell phone records show calls between two *phones*, as opposed to between two particular *individuals*. Mr. Bailey maintains that the cell phone allegedly in his possession during the time of the conspiracy belongs to his daughter and that he never used it, despite the testimony of Mr. Kontar to the contrary.

Mr. Bailey's arguments go to the weight of the evidence, and do not support a contention that the records were improperly admitted under Rule 803(6) or 902(11). Mr. Bailey was given the opportunity to cross-examine the government witness who testified as to the cell phone records, and did indeed do so. On cross-examination, the government witness admitted that one could not determine who was making the call by simply looking at the record. The persuasiveness of the evidence, in light of Mr. Bailey's argument on this point,

must be determined by the jury, and we will not second-guess its decision. *United States v. Allen*, 235 F.3d 482, 492 (10th Cir. 2000).

**B.**

Mr. Bailey next argues that the drug paraphernalia seized from his apartment at the time of his arrest was improperly admitted under Federal Rules of Evidence 404(b) and 403. We review a district court's decision to admit Rule 404(b) evidence for an abuse of discretion. *United States v. Hardwell*, 80 F.3d 1471, 1488 (10th Cir. 1996).

Rule 404(b) prevents the admission of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." However, the evidence may be admitted for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.*

Mr. Bailey argues that because the seizure of the paraphernalia took place 11 months after the alleged conspiracy had terminated, the introduction of the evidence could not fall under the exceptions listed in Rule 404(b). Even assuming that the drug paraphernalia constituted "evidence of *other* crimes, wrongs or acts," which is not necessarily so, Mr. Bailey's argument is without merit. Rule 404(b) does not require the government to gather all the evidence against the defendant prior to the termination of the conspiracy. *See United*

*States v. Hogue*, 827 F.2d 660, 663 (10th Cir. 1987) ("[E]vidence of subsequent acts may be admissible assuming it meets the requirements of Rule 404(b)."). Here, the evidence in question could be introduced under a number of the permissible purposes listed in 404(b). Scales, heat sealers, and plastic bags could be used to establish that Mr. Bailey had knowledge of drug distribution and how to distribute marijuana in such a way as to (try to) avoid detection. The evidence in question also speaks to Mr. Bailey's opportunity, intent, and preparation in the alleged conspiracy.

Mr. Bailey next argues that even if the evidence is admissible under Rule 404(b), it is barred by Rule 403. Rule 403 states that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Specifically, Mr. Bailey accuses the government of proffering the evidence for no other reason than "to make the Defendant look bad in the eyes of the jury." Appellant's Br. at 44. Further, Mr. Bailey notes that "[n]othing could be more damaging to a Defendant charged with a drug conspiracy, than to show that he committed another drug conspiracy, or ran a 'drug house,' even though unrelated." *Id*. at 45.

There are at least two significant hurdles for a person seeking preclusion under Rule 403: (1) to show not only prejudice, but unfair prejudice, and (2) to

show that the danger of any unfair prejudice substantially outweighs the probative value of the evidence.

Mr. Bailey has not surmounted either of these hurdles. While it may be true that the government succeeds in making a defendant "look bad" when it properly introduces evidence of other wrongful acts under Rule 404(b), there is no reason to believe in this case that such prejudice against Mr. Bailey was unfair. Furthermore, Mr. Bailey has not shown that the probative value of the evidence is substantially outweighed by its prejudicial effect, fair or unfair. The introduction of drug paraphernalia allegedly belonging to Mr. Bailey had probative value because it established that Mr. Bailey knew of and was involved in the drug conspiracy. The district court did not abuse its discretion in permitting the evidence.

## C.

Finally, Mr. Bailey argues that his sentence violates *United States v. Booker*, 125 S.Ct. 738 (2005). He asks that his sentence be vacated and that his case be remanded to the district court for resentencing. Since Mr. Bailey did not raise this argument to the district court, we review this claim under a plain error standard. *See* Fed. R. Crim. P. 52(b); *Booker*, 125 S.Ct. at 769 (stating that not every appeal should be remanded for resentencing "because we expect reviewing courts to . . . determin[e] . . . whether the issue was raised below and whether it

fails under the 'plain error' test").  Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) affects the fairness, integrity, or public reputation of judicial proceedings.  *United States v. Gonzales-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005).

In *Booker*, the Court held, with respect to the Federal Sentencing Guidelines, that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  *Booker*, 125 U.S. at 756.  To remedy this constitutional infirmity created by applying judge-found facts to mandatory sentencing guidelines, the Court severed the provision of the federal sentencing statute making application of the Guidelines mandatory.  *Id.* at 764 (excising 18 U.S.C. § 3553(b)(1)).

Mr. Bailey argues that the particular fact in his case that should have been proven to a jury beyond a reasonable doubt is his age.  He argues that the probation officer and the judge "assumed his age to be over 18" without hearing any evidence on the issue.  Appellant's Supp. Br. at 10.  This finding affected his sentence because he received an enhancement under the "Career Offender" provision.  One of the requirements of the "Career Offender" provision is that the defendant must be at least eighteen years old at the time of the instant offense of

conviction. U.S.S.G. § 4B1.1(a). Absent a jury finding of his age, Mr. Bailey argues, the district court is not allowed to apply the "Career Offender" provision.

The argument is unavailing because Mr. Bailey admitted his age during his sentencing hearing. Mr. Bailey's counsel stated, "Your Honor, Mr. Bailey is not a young man, he is 56 years old."[2] R. Vol. II at 13. Facts that are admitted by the defendant need not be proven to a jury for purposes of sentencing enhancements. *Booker*, 125 S.Ct. at 756. Therefore, the district court did not violate the Sixth Amendment in making the finding of age.

Mr. Bailey also argues that the district court committed non-constitutional *Booker* error, that is, it consulted the Guidelines as mandatory when sentencing Mr. Bailey. The district court's mandatory application of the Guidelines was erroneous in light of *Booker*, and since that error is plain at the time of appellate review, *Johnson v. United States*, 520 U.S. 461, 468 (1997), the second prong is also met. Thus, as in *Gonzalez-Huerta*, the primary issue is whether the defendant can satisfy the third and fourth prongs of plain error review. *Gonzalez-Huerta*, 403 F.3d at 732.

---

[2]Even absent this candid admission by the defendant, we may state with a fair degree of confidence that Mr. Bailey was older than eighteen at the time of the instant offense. The list of his adult criminal convictions, as found in the pre-sentence report, includes convictions as early as 1966. Even supposing he began his criminal career as an infant, the fact that he had been born by 1966 leads to the conclusion that he was older than eighteen in 2002.

We need not resolve whether Mr. Bailey has met his burden of showing an effect on his substantial rights if he cannot also show that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Cotton*, 535 U.S. 625, 632-33 (2002); *Gonzalez-Huerta* , 403 F.3d at 736. This Court has observed that "[w]hether the district court would simply reimpose the same sentence on remand, or whether instead the sentence 'would likely change to a significant degree if [the case] were returned to the district court for discretionary resentencing,' is one factor to consider in determining whether the defendant can satisfy the fourth plain-error prong." *United States v. Lawrence*, ___ F.3d ___, 2005 WL 906582 at *12 (10th Cir. Apr. 20, 2005) (quoting *Gonzalez-Huerta*, 403 F.3d at 743–44 (Ebel, J., concurring)) (alteration appears in original).

The district court did not make any comment that could be construed as expressing dissatisfaction with Mr. Bailey's sentence, nor were there any facts in the record to suggest a reasonable probability that the district court would have exercised its discretion to depart from the Guidelines. *Cf. United States v. Trujillo-Terrazas*, ___ F.3d ___, 2005 WL 880896 at *5 (10th Cir. Apr. 13, 2005) (reversing on plain error review where the defendant "present[ed] a compelling case that objective consideration of the § 3553(a) factors warrant[ed] a departure, and perhaps a significant departure, from the sentence suggested by the

Guidelines"). To the contrary, the district court's decision to sentence him to 236 months, the middle of the applicable Guideline range of 210-262 months, is a strong indication that the district court felt that the sentence was appropriate. Mr. Bailey therefore has not met his burden under the fourth prong of plain error review. *See Lawrence*, 2005 WL 906582 at *5.

## III.

The judgment of the United States District Court for the Northern District of Oklahoma is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge