**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 14, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

CARL BAILEY,

      Defendant - Appellant.

No. 07-5062
(D.C. Nos. 06-CV-456-HDC and
02-CR-169-HDC)
(N.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

      Carl Bailey, a federal inmate appearing pro se, seeks a certificate of

appealability ("COA") so that he may challenge the district court's denial of his

28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. A jury

convicted Mr. Bailey of conspiring to distribute marijuana, and the district court

sentenced him 236 months' imprisonment followed by three years' supervised

release. His conviction was affirmed on direct appeal. See United States v.

Bailey, 133 F. App'x 534 (10th Cir. 2005). He then sought relief pursuant to §

2255, asserting three claims of ineffective assistance of counsel. The district

court denied relief. Having determined that Mr. Bailey has not made a

"substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss his appeal. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

We recounted the facts underlying Mr. Bailey's case on direct appeal and need not restate them here. See Bailey, 133 F. App'x at 535-36. The district court understood Mr. Bailey's § 2255 motion to raise three claims of ineffective assistance of counsel. Although the phrasing and order of his arguments has changed in his application for a COA, the substance of all three issues remains the same. The applicable law is also unchanged: a criminal defendant asserting ineffective assistance of trial counsel must show both deficient performance and prejudice to his defense in order to receive post-conviction relief. Strickland v. Washington, 466 U.S. 668, 687 (1984). Mr. Bailey's claims are deserving of a COA only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Mr. Bailey first contends that his attorney was ineffective in failing to object to testimony that evidence found in Mr. Bailey's apartment was marijuana on the ground that the authorities had not tested the substance. The district court rejected this argument, explaining:

The record establishes that Bailey's attorney moved in limine to

-2-

exclude from evidence the officer's seizure of marijuana from his apartment. The Court denied the motion. At trial, on cross examination, Bailey's attorney addressed the marijuana issue and the officer who testified admitted that the substance had not been tested by a lab to confirm it was marijuana.

R. Doc. 91, at 2. Our independent review of the record confirms that the district court correctly recounted the sequence of events: counsel raised the issue in his motion in limine, and, following the denial of his motion, mitigated the evidence with a successful cross-examination at trial. See Tr. Transcript (Oct. 6-7, 2003) at 6-9 (raising and ruling on objection); id. at 87 (eliciting testimony on cross-examination that the substance was not tested). Plainly, this could not constitute deficient performance and the district court's resolution is not reasonably debatable.

Next, Mr. Bailey argues that his attorney was ineffective in failing to introduce an allegedly-exculpatory recording of a conversation between one of his alleged co-conspirators, Jerry Steele, and Oklahoma State Trooper Branson Perry. The district court rejected this claim after determining that "the subject audio tape was admitted in evidence at trial." R. Doc. 91, at 2. Although our review of the record indicates that the tape itself was not admitted, see Tr. Transcript (Oct. 6-7, 2003) at 140-41, a transcript of the tape was admitted into evidence, id. at 51, and both the witness and the trooper were cross-examined about the conversation at issue, id. at 59-62 (testimony of Trooper Perry); id. at 136 (testimony of Mr. Steele). Mr. Bailey does not indicate what evidence in the tape was not

adequately reflected in the transcript or how the introduction of the tape itself would have affected the jury's consideration of his case. Having reviewed the trial transcript and Mr. Bailey's arguments, there is no deficient performance here. Reasonable jurists therefore could not find the district court's rejection of Mr. Bailey's second argument reasonably debatable.

Finally, Mr. Bailey contends that his attorney was ineffective in failing to call him as a witness in his own defense. "A criminal defendant has a constitutional right to testify in his own behalf at trial. The decision whether to testify lies squarely with the defendant; it is not counsel's decision." Cannon v. Mullin, 383 F.3d 1152, 1171 (10th Cir. 2004) (internal citation omitted). The district court determined that Mr. Bailey did not have credible evidence in support of his assertion that he wanted to testify, meaning that he could not satisfy either prong of the Strickland analysis.

In seeking a COA, Mr. Bailey contends that the district court erred in refusing to hold a hearing to determine whether his attorney prevented him from testifying. Pursuant to § 2255, the court "shall hold a hearing" on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." Mr. Bailey contends that the affidavit he submitted in support of his motion–which indicated that he expressed the desire to testify to counsel, see R. Doc. 76, Att. B–was sufficient to require the court to hold a hearing.

However, § 2255 directs the court to consider "the motion and the files and records of the case," id. (emphasis added), which together show that Mr. Bailey could not establish an ineffective assistance claim on this basis. With respect to counsel's performance, Mr. Bailey's general and ambiguous affidavit does not merit a hearing. Defense counsel submitted a detailed affidavit recounting his advice that Mr. Bailey remain silent and Mr. Bailey's numerous reasons for not wanting to testify, including the potential problems due to cross-examination.[1] R. Doc. 85, Att. 2. Moreover, it is significant that Mr. Bailey never once suggested to the court that he wished to testify despite several opportunities to do so. See Tr. Transcript (Oct. 6-7, 2003) at 10; id. at 323; id. at 343. Furthermore, we note that Mr. Bailey did not testify in either of his prior trials on this charge.

Be that as it may, Mr. Bailey cannot establish prejudice. In the district court, he gave no suggestion of the content of his testimony or how it would have affected the jury's consideration of the evidence. In fact, he admitted, "This is not an issue where Petitioner is alleging that his testimony would have made a difference in the outcome of the case."[2] R. Doc. 88 at 5. We reject Mr. Bailey's contention that Strickland prejudice need not be shown when the case involves the

---

[1] Mr. Bailey now attempts to refute two of the reasons counsel advised him not to testify. Aplt. Br. at 4.

[2] To the extent Mr. Bailey now claims prejudice on appeal, the argument is waived. See Parker v. Scott, 394 F.3d 1302, 1307 (10th Cir. 2005) (claims raised for the first time on appeal are deemed to be waived).

right to testify. See United States v. Teague, 953 F.2d 1525, 1534 (11th Cir. 1992) (en banc) (requiring a showing of deficient performance and prejudice in order to succeed on an ineffective assistance of counsel claim based on a violation of the right to testify). Given the lack of evidence or argument presented regarding prejudice, no reasonable jurist could question the district court's rejection of Mr. Bailey's third claim.

We DENY Mr. Bailey's request for a COA and DISMISS his appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge